IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACRYLICON USA, LLC
a Delaware limited liability company,

   Plaintiff,

    v.

SILIKAL GMBH
a foreign company,

   Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-1072-TWT

**OPINION AND ORDER**

This is an action for misappropriation of trade secrets and breach of contract. It is before the Court on the Defendant's Motion to Dismiss Second Amended Complaint [Doc. 32], which is DENIED.

**I. Background**

The Plaintiff, AcryliCon USA, LLC, markets and sells an industrial flooring system from its headquarters in Alpharetta, Georgia.[1] The Defendant, Silikal GmbH, is a German corporation, which, until recently, manufactured a flooring resin

---

[1] Second Am. Compl. ¶ 1.

exclusively for the Plaintiff.[2] The resin at issue is a modified methacrylate resin known as 1061 SW.[3] The formula for 1061 SW is a trade secret of the Plaintiff's.[4] The Plaintiff's flooring system uses 1061 SW, which is harder than other resins, to create a highly durable floor.[5] Other than the Plaintiff, only the Defendant had access to the formula for 1061 SW – specifically for the purpose of manufacturing that product.[6]

The Plaintiff and the Defendant have had at least two prior disputes in court. The first, filed in this district in 2008, alleged that the Defendant misappropriated the Plaintiff's trademarks and other proprietary, confidential, and trade secret information.[7] The second, filed in the Southern District of Florida in 2009, involved a trade secret dispute.[8] The parties in the second lawsuit entered a stipulation, which was approved by court order.[9] That stipulation provided that the Defendant would preserve the secrecy of the 1061 SW formula and would not sell the product to anyone

---

[2]   Id. ¶¶ 1, 4.

[3]   Id. ¶¶ 20, 22.

[4]   Id. ¶ 21.

[5]   Id. ¶¶ 23-24.

[6]   Id. ¶¶ 28-29.

[7]   Id. ¶¶ 38-39.

[8]   Id. ¶ 40.

[9]   Id. ¶ 41.

other than the Plaintiff.[10] The stipulation provided for exclusive jurisdiction in this Court to enforce its terms.[11] Additionally, on April 12, 2010, the parties entered into a global settlement agreement, which resulted in the dismissal of the prior lawsuit in this district.[12] The settlement agreement imposed detailed requirements on the Defendant for the marketing of its products and reconfirmed the Plaintiff's exclusive rights to the product 1061 SW and its formula.[13] In that agreement, the Defendant represented that during the pendency of its relationship with the Plaintiff, it had not, either directly or indirectly, sold or distributed 1061 SW resin to anyone other than the Plaintiff.[14] Additionally, the Defendant agreed that it would not sell or distribute 1061 SW to anyone other than the Plaintiff, unless otherwise expressly permitted in writing.[15] The settlement agreement contained a provision in which both parties waived all objections to jurisdiction in this Court for future disputes regarding activities within the United States.[16]

---

[10]   Id., Ex. E.

[11]   Id.

[12]   Id. ¶ 42.

[13]   Id. ¶ 43.

[14]   Id. ¶ 45.

[15]   Id.

[16]   Id., Ex. F ¶ 13.

The Plaintiff now claims that the Defendant has breached that settlement agreement. Specifically, the Plaintiff claims that the Defendant is repackaging 1061 SW as Silikal resin and selling it with the Silikal trademark, including to customers in the United States.[17] Based on this conduct and the Defendant's marketing activities, the Plaintiff asserts claims for misappropriation of trade secrets, trademark infringement under federal law, federal unfair competition, trademark infringement and unfair competition under Georgia law, violation of the Georgia Uniform Deceptive or Unfair Trade Practices Act, and breach of contract. The Defendant moves to dismiss the second amended complaint for lack of personal jurisdiction.

## II. Legal Standard

Regarding a motion to dismiss for lack of personal jurisdiction where no evidentiary hearing is held, "the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant."[18] The plaintiff establishes a prima facie case by presenting "enough evidence to withstand a motion for directed verdict."[19] A party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight

---

[17] Id. ¶¶ 51-60.

[18] Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988).

[19] Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions."[20] The facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted.[21] If, however, the defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction.[22] If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.[23]

### III. Discussion

The parties here previously entered into a global settlement agreement regarding prior litigation. That agreement contains a forum selection and choice of law clause, which, if applicable, governs here. Specifically, the agreement provides for exclusive jurisdiction in the Northern District of Georgia, including a waiver of all objections to personal jurisdiction, for all disputes regarding activities in the United

---

[20] Walker v. NationsBank of Fla., 53 F.3d 1548, 1555 (11th Cir. 1995).

[21] Foxworthy v. Custom Tees, Inc., 879 F. Supp. 1200, 1207 n.10 (N.D. Ga. 1995).

[22] Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010); Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

[23] Madara, 916 F.2d at 1514.

States.[24] The parties agree that the clause is enforceable, but the Defendant contests the Plaintiff's assertion that this dispute regards activities within the United States.[25] This Court must therefore address whether the complaint makes allegations concerning activities within the United States.

The Defendant claims that it never sold the product at issue, 1061 SW, to anyone other than the Plaintiff.[26] The Defendant admits, however, that it sold another industrial flooring resin product, R 61, to customers in the United States.[27] The Plaintiff submitted the Declaration of Bernd Diel, a former employee of the Defendant. That Declaration states that 1061 SW and R 61 are the same product.[28] Taking all reasonable inferences in favor of the Plaintiff, the complaint here alleges a dispute concerning activities within the United States – specifically the sale of a flooring product that was prohibited by the prior agreement between the parties. This Court therefore finds that it has personal jurisdiction pursuant to the global settlement agreement. The Defendant's motion to dismiss should be denied.

---

[24]     Second Am. Compl., Ex. F ¶ 13.

[25]     Tr. of Oct. 30, 2014, Hearing, at 12.

[26]     Weimann Decl. ¶ 5.

[27]     Id. ¶ 6.

[28]     Diel Decl. ¶¶ 18-22.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss [Doc. 32] is DENIED. No further briefing on the jurisdictional issue is required. The parties are directed to continue with discovery as set forth in the April 24, 2015 Consent Order [Doc. 94].

SO ORDERED, this 14 day of May, 2015.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge