IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACRYLICON USA, LLC
a Delaware limited liability company,

   Plaintiff,

  v.

SILIKAL GMBH
a foreign company,

   Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-1072-TWT

**OPINION AND ORDER**

This is an action for misappropriation of trade secrets and breach of contract. It is before the Court on the Plaintiff AcryliCon USA, LLC's Motion for Partial Summary Judgment [Doc. 123], the First Motion for Summary Judgment by Silikal GmbH [Doc. 133], the Amended Motion for Summary Judgment by Silikal GmbH [Doc. 154], the Plaintiff's Motion to Strike Amended Motion for Summary Judgment and Notice of Objection [Doc. 155], and the Defendant's Motion for Leave to File Motion to Dismiss on Grounds of Forum Non Conveniens [Doc. 192]. For the reasons stated below, the Plaintiff's Motion for Partial Summary Judgment is GRANTED, the Defendant's First Motion for Summary Judgment is DENIED, the Defendant's Amended Motion for Summary Judgment is DENIED, the Plaintiff's Motion to Strike

and Notice of Objection is GRANTED, and the Defendant's Motion for Leave to File a Motion to Dismiss is DENIED.

## I. Background

The Plaintiff, AcryliCon USA, LLC, markets and sells an industrial flooring system from its headquarters in Alpharetta, Georgia.[1] The Defendant, Silikal GmbH, is a German corporation, which, until recently, manufactured a flooring resin exclusively for the Plaintiff.[2] The resin at issue is a modified methacrylate resin known as 1061 SW.[3] In 2010, the Plaintiff resolved a prior dispute with the Defendant in this district by entering into a global settlement agreement.[4] In the global settlement agreement, the Defendant represented that it had "not disclosed the formula for 1061 SW resin or sold or distributed 1061 SW resin, directly or indirectly, to anyone other than AcryliCon during the pendency of the Silikal/AcryliCon relationship."[5] The Defendant further agreed "not to disclose or use in any way, directly or indirectly, the 1061 SW resin or the formula for the 1061 SW resin" and that it would not "sell or

---

[1]   Pl.'s Statement of Material Facts ¶ 1.

[2]   Id.

[3]   Id. ¶ 3.

[4]   Id. ¶ 8.

[5]   Amended Compl., Ex. F, ¶ 5.

distribute 1061 SW resin to anyone other than Acrylicon."[6] The settlement agreement also contained a provision in which both parties waived all objections to jurisdiction in this Court for future disputes regarding activities within the United States.[7]

Previous counsel for the Defendant admitted on February 2, 2015, at a status conference before this Court that "there have been sales of the product in violation of the global settlement agreement."[8] The Defendant's previous counsel further stated that they "don't dispute that there's been a breach of the contract."[9] The Defendant even admits currently that it breached the contract.[10] Based on the Defendant's sales of 1061 SW and marketing activities, the Plaintiff asserts claims for misappropriation of trade secrets, trademark infringement under federal law, federal unfair competition, trademark infringement and unfair competition under Georgia law, violation of the Georgia Uniform Deceptive or Unfair Trade Practices Act, and breach of contract. The Plaintiff moves for partial summary judgment on the breach of contract claim, as well as for entry of a permanent injunction related to that claim.

---

[6]   Id.

[7]   Id., Ex. F ¶ 13.

[8]   Tr. of Feb. 2, 2015, Status Conf., at 3.

[9]   Id. at 3-4.

[10]  Def.'s Memo. in Opp'n to Pl.'s Mot. For Partial Summ. J., at 22.

On June 29, 2015, the Defendant filed its First Motion for Summary Judgment. That motion contained no citation to law, but instead simply stood as a placeholder motion while the Defendant hoped for an extension of time to file its motion for summary judgment. On August 11, 2015, this Court denied the Defendant's motion for an extension of time to file summary judgment for lack of good cause. Then, one day after this Court denied the Defendant's motion, the Defendant filed its Amended Motion for Summary Judgment, which includes a full legal argument and moves for summary judgment on all of the Plaintiff's claims. The Plaintiff moves to strike the Defendant's Amended Motion. The Defendant also moves for leave to file a motion to dismiss on the ground of forum non conveniens.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[11] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[12] The party seeking summary judgment must first identify grounds to

---

[11] FED. R. CIV. P. 56(a).

[12] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

show the absence of a genuine issue of material fact.[13] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[14] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[15]

## III. Discussion

The Plaintiff first moves for partial summary judgment on its claim for breach of contract and entry of a permanent injunction enjoining the Defendant from producing or selling AcryliCon's 1061 SW product. Previous counsel for the Defendant admitted on February 2, 2015, at a status conference before this Court that "there have been sales of the product in violation of the global settlement agreement."[16] The Defendant's previous counsel further stated that they "don't dispute that there's been a breach of the contract."[17] The Defendant now argues in its response to the Plaintiff's motion that the Plaintiff failed to meet certain technical requirements

---

[13] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[14] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[15] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[16] Tr. of Feb. 2, 2015, Status Conf., at 3.

[17] Id. at 3-4.

of the global settlement agreement and therefore, the Defendant argues, the Plaintiff's motion should be denied. This Court finds that the Defendant is bound by its previous admission that it breached the contract.[18] The Plaintiff's motion for partial summary judgment on the claim for breach of contract should therefore be granted.

To obtain a permanent injunction, a party must show actual success on the merits of the underlying claim, irreparable injury absent the injunction, that the injury outweighs any damage that may be caused by the injunction, and that the injunction would not be adverse to the public interest.[19] The first factor, actual success on the merits is clear here because this Court finds that the contract was breached. As to irreparable injury, the parties agreed in their global settlement agreement that "in the event of a default . . ., the non-breaching party would be irreparably damaged and could not be adequately compensated in all cases by monetary damages alone."[20] The Plaintiff has therefore shown irreparable injury. The Defendant argues that a global injunction would be unmanageable and that the Plaintiff's proposed injunction would be too broad. Given the Defendant's admitted breach of the global settlement

---

[18]   The Defendant even admits in its response to the Plaintiff's motion for partial summary judgment that it breached the contract. Def.'s Memo. in Opp'n to Pl.'s Mot. For Partial Summ. J., at 22.

[19]   Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004).

[20]   Am. Compl., Ex. F ¶ 10.

agreement and the agreement's explicit terms, this Court finds that the injury outweighs any damage and that an injunction would not be adverse to the public interest. The Defendant should be enjoined from disclosing or using in any way, directly or indirectly, the 1061 SW resin or the formula for the 1061 SW resin. Additionally, the Defendant should be enjoined from selling or distributing the 1061 SW resin to anyone other than the Plaintiff, unless the Plaintiff consents otherwise in writing.

On June 29, 2015, the Defendant filed its First Motion for Summary Judgment. That motion was a placeholder while the Defendant sought to extend the deadline for summary judgment filings. On August 11, 2015, this Court denied the Defendant's motion for an extension of time to file summary judgment for lack of good cause. Then, one day after this Court *denied* the Defendant's motion, the Defendant filed its Amended Motion for Summary Judgment and for the first time made legal arguments supporting its motion. The Plaintiff moves to strike the amended motion as untimely. Motions filed outside of the deadlines set by the scheduling order may be properly denied on that basis alone.[21] Pursuant to this Court's April 24, 2015, Consent Order, summary judgment motions were due to be filed by June 29, 2015. Despite this deadline, and despite this Court's Order denying an extension of time, the Defendant

---

[21] Dedge v. Kendrick, 849 F.2d 1398 (11th Cir. 1988).

did not file its complete motion for summary judgment until August 12, 2015, roughly six weeks after the deadline. The Defendant cannot get around this deadline by captioning its August 12 motion as "amended," when, in fact, it is an entirely new motion. The Defendant's First Motion for Summary Judgment should be denied. The Defendant's Amended Motion for Summary Judgment should be denied as untimely. The Plaintiff's Motion to Strike the Defendant's Amended Motion for Summary Judgment will be treated as an objection to the amended motion for summary judgment, which is sustained.

The Defendant also moves for leave to file a motion to dismiss on the ground of forum non conveniens. This motion is also untimely, as this case has already progressed through discovery and through summary judgment motions. Furthermore, even if the motion were not untimely, the global settlement agreement between the Plaintiff and the Defendant contains a forum selection clause granting this Court exclusive jurisdiction over all disputes regarding activities in the United States.[22] A motion to dismiss on the ground of forum non conveniens would be futile given the forum selection clause to which the Defendant agreed. The motion for leave to file a motion to dismiss should therefore be denied.

---

[22] Am. Compl., Ex. F ¶ 13.

## IV. Conclusion

For the reasons stated above, the Plaintiff AcryliCon USA, LLC's Motion for Partial Summary Judgment [Doc. 123] is GRANTED, the First Motion for Summary Judgment by Silikal GmbH [Doc. 133] is DENIED, the Amended Motion for Summary Judgment by Silikal GmbH [Doc. 154] is DENIED, the Plaintiff's Motion to Strike Amended Motion for Summary Judgment and Notice of Objection [Doc. 155] is GRANTED, and the Defendant's Motion for Leave to File Motion to Dismiss on Grounds of Forum Non Conveniens [Doc. 192] is DENIED. The Defendant is permanently enjoined from disclosing or using in any way, directly or indirectly, the 1061 SW resin or the formula for the 1061 SW resin and from selling or distributing the 1061 SW resin to anyone other than the Plaintiff, unless the Plaintiff consents otherwise in writing.

SO ORDERED, this 24 day of February, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge