UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO. 14-CV-01072-TWT

ACRYLICON USA, LLC,
a Delaware limited liability company,

     Plaintiff,

vs.

SILIKAL GMBH, a foreign
corporation,

     Defendant.

_____/

## PLAINTIFF'S REQUESTS TO CHARGE

Pursuant to Local Rule 51.1, Plaintiff ACRYLICON USA, LLC, hereby

submits its Requests to Charge in this matter.

Respectfully submitted,
FELLOWS LABRIOLA LLP

By: _s/   Henry D. Fellows, Jr._
    Henry D. Fellows, Jr.
    Georgia Bar No. 257825
    hfellows@fellab.com
    225 Peachtree Street, N.E.
    Suite 2300 South Tower
    Atlanta, Georgia 30303
    Telephone: (404) 586-9200
    Facsimile:  (404) 420-2539

-and-


COFFEY BURLINGTON

By: _s/   Kevin C. Kaplan_
     Kevin C. Kaplan (admitted *pro hac vice*)
     Florida Bar No. 933848
     kkaplan@coffeyburlington.com
     lperez@coffeyburlington.com
     service@coffeyburlington.com
     Benjamin H. Brodsky (admitted *pro hac vice*)
     Florida Bar No. 73748
     bbrodsky@coffeyburlington.com
     2601 South Bayshore Drive, Penthouse
     Miami, Florida 33133
     Telephone: (305) 858-2900
     Facsimile:  (305) 858-5261

*Counsel for Plaintiff AcryliCon USA, LLC*

**Request to Charge No. 1: General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

1

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court

may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, AcryliCon USA, claims the Defendant, Silikal GMBH, breached a contract with AcryliCon and misappropriated AcryliCon's trade secrets. The alleged trade secret is the formula for an MMA resin called 1061 SW used in an industrial flooring system.  Silikal has admitted that it made sales of the product in violation of the contract, and the Court has entered an Order in the case finding that Silikal is liable for breaching the contract.  The Court has also ordered that Silikal is permanently enjoined from disclosing or using in any way directly or indirectly the 1061 SW resin or the formula for the 1061 SW resin, and from selling or distributing the 1061 SW resin to anyone other than the Plaintiff.

<u>Burden of proof</u>:

AcryliCon has the burden of proving its case by what the law calls a "preponderance of the evidence." That means AcryliCon must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put

the evidence favoring AcryliCon and the evidence favoring Silikal on opposite sides of balancing scales, AcryliCon needs to make the scales tip to its side. If AcryliCon fails to meet this burden, you must find in favor of Silikal.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Silikal has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Silikal must prove for any affirmative defense. After considering all the evidence, if you decide that Silikal has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me

6

and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, AcryliCon will present its witnesses and ask them questions. After AcryliCon questions the witness, Silikal may ask the witness questions – this is called "cross-examining" the witness. Then Silikal will present its witnesses, and AcryliCon may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Authority Supporting Request No. 1:** 11th Circuit Pattern Jury Instruction 1.1.

**Request to Charge No. 2: Official English Translation/Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know German, you must accept the English [interpretation/translation] provided and disregard any different meaning.

**Authority Supporting Request No. 2:** 11th Circuit Pattern Jury Instruction 1.3.

**Request to Charge No. 3: Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Authority Supporting Request No. 3:** 11th Circuit Pattern Jury Instruction 1.4.

**Request to Charge No. 4: Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**Authority Supporting Request No. 4:** 11th Circuit Pattern Jury Instruction 2.1.

**Request to Charge No. 5: Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of some of the witnesses in this case will be presented to you by a video or by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Authority Supporting Request No. 5:** 11th Circuit Pattern Jury Instruction 2.2.

**Request for Charge No. 6: Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted as proved the court orders, pleadings and filings contained in the court cases *AcryliCon Int'l, Ltd. v. Silikal GmbH, et al.*, Case No. 1:08-CV-0019-CC, filed in the Northern District of Georgia and *AcryliCon USA, LLC v. Silikal GmbH*, Case No. 09-23451-CIV-MOORE/SIMONTON, filed in the Southern District of Florida, even though no one introduced evidence to prove it. You must accept it as true for this case.

**Authority Supporting Request No. 6:** 11th Circuit Pattern Jury Instruction 2.5.

**Request for Charge No. 7: Use of Interrogatories**

You may hear answers that Silikal gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Silikal gave the answers in writing while under oath.

You must consider Silikal's answers as though Silikal gave the answers on the witness stand.

**Authority Supporting Request No. 7:** 11th Circuit Pattern Jury Instruction 2.6.

**Request to Charge No. 8: Introduction**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO. 14-CV-01072-TWT

ACRYLICON USA, LLC,
a Delaware limited liability company,

      Plaintiff,

vs.

SILIKAL GMBH, a foreign
corporation,

      Defendant.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding

this case.

When I have finished you will go to the jury room and begin your

discussions, sometimes called deliberations.

**Authority Supporting Request No. 8:** 11th Circuit Pattern Jury Instruction 3.1.

**Request to Charge No. 9: The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation or company is involved as a party must not affect your decision in any way. A company and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a company is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

25

**Authority Supporting Request No. 9:** 11th Circuit Pattern Jury Instruction 3.2.2.

**Request to Charge No. 10: Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Authority Supporting Request No. 10:** 11th Circuit Pattern Jury Instruction 3.3.

**Request to Charge No. 11: Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Authority Supporting Request No. 11:** 11th Circuit Pattern Jury Instruction 3.4.

**Request to Charge No. 12: Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Authority Supporting Request No. 12:** 11th Circuit Pattern Jury Instruction 3.5.1.

**Request to Charge No. 13: Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**Authority Supporting Request No. 13:** 11th Circuit Pattern Jury Instruction 3.6.1.

**Request to Charge No. 14: Responsibility for Proof – Plaintiff's Claims, Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**Authority Supporting Request No. 14:** 11th Circuit Pattern Jury Instruction 3.7.1.

**Request to Charge No. 15: Responsibility for Proof – Affirmative Defense**
   **Preponderance of the Evidence**

In this case, the Defendant asserts the affirmative defenses of release, accord and satisfaction, estoppel, and waiver. Even if the Plaintiff proves its claims by a preponderance of the evidence, the Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove the Plaintiff's claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**Authority Supporting Request No. 15:** 11th Circuit Pattern Jury Instruction 3.7.2.

**Request to Charge No. 16: Breach of Contract**

AcryliCon has brought a claim against Silikal for breach of the Global Settlement Agreement, which is a contract.  A contract is an agreement between two or more parties for the doing or not doing of some specified thing.  Silikal has admitted that it made sales of the product in violation of the Global Settlement Agreement, and the Court has entered an Order in the case finding that Silikal is liable for breaching that contract.  You must determine the damages to be awarded to AcryliCon from the breach of contract.

**Authority for Request No. 16:** Georgia Suggested Pattern Jury Instruction 16.010 (modified); *Dewrell Sacks, LLP v. Chicago Title Ins. Co.*, 749 S.E.2d 802, 806 (Ga. Ct. App. 2013).

**Request to Charge No. 17:**

Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from the breach and such as the parties contemplated when the contract was made as the probable result of the breach.

**Authority for Request No. 17:** Georgia Suggested Pattern Jury Instruction 18.010; O.C.G.A. §§13-6-1, 13-6-2, 13-6-7.

**Request to Charge No. 18:**

If you find that Silikal breached the Global Settlement Agreement, you may award to AcryliCon damages equal to the [revenue] ~~profit~~ Silikal gained as a result of its breach.

**Authority for Request No. 18:** *Direct Response Prods., Inc. v. Thomas*, No. 1:13-CV-1526-WSD, 2013 WL 5890473, at *3-4 (N.D. Ga. Nov. 1, 2013); *Williamson v. Palmer*, 404 S.E.2d 131, 133 (Ga. Ct. App. 1991); *Kansas v. Nebraska*, 135 S.Ct. 1042, 1056-57 (2015); *Enslin v. The Coca-Cola Co.*, 136 F.Supp.3d 654, 676-77 (E.D. Pa. 2015); Restatement (Third) of Restitution and Unjust Enrichment § 39; *EarthInfo, Inc. v. Hydrosphere Res. Consultants, Inc.*, 900 P.2d 113, 119 (Col. 1995). *See also, e.g., ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 669 (3d Cir. 1998); *Boston Scientific Corp. v. Mirowski Family Ventures, LLC*, No. 1:11-cv-00736-WTL-DKL, 2012 WL 3579884, at *6 (S.D. Ind. Aug. 17, 2012); *In re Walnut Assocs., L.P.*, 506 B.R. 645, 658 (Bankr. E.D. Pa. 2014); *Trilogy Network Sys., Inc. v. Johnson*, 172 P.3d 1119, 1121 (Idaho 2007); *North Pac. Lumber Co. v. Moore*, 551 P.2d 431, 435-36 (Ore. 1976); *Phelps v. Gilbraith*, No. 2 CA-CV 2010-0052, 2010 WL 4323667, at *2 (Ariz. Ct. App. Oct. 29, 2010); *TruGreen Cos., L.L.C., v. Mower Bros., Inc.*, 199 P.3d 929, 933 (Utah 2008); *Schachter v. Krzynowek*, 958 So.2d 1061, 1064 (Fla. Dist. Ct. App. 2007); Order of February 11, 2016 [Doc. 200]; Order of March 27, 2017 [Doc. 343].

**Request to Charge No. 19:**

AcryliCon also claims that Silikal has misappropriated AcryliCon's trade secret.   To prove its claim, AcryliCon must prove the following facts by a preponderance of the evidence:

1.    That AcryliCon had a trade secret; and

2.    that Silikal misappropriated this trade secret.

"Trade secret" means information, without regard to form, including, but not limited to, technical or nontechnical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, or a list of actual or potential customers or suppliers which is not commonly known by or available to the public and which information:

(a) derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

A trade secret can be anything that affords a competitive advantage and is a protectable secret, even if it is something that could be discovered or ascertained by others through their own labor and ingenuity.

"Misappropriation" means disclosure or use of a trade secret of another without express or implied consent by a person who, at the time of disclosure or use, knew or had reason to know that knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

**Authority supporting Request No. 19:** O.C.G.A. §§ 10-1-761, 10-1-763; *Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396, 1410-12 (11th Cir. 1998); *Diamond Power Int'l, Inc. v. Davidson*, 540 F.Supp.2d 1322, 1332-40 (N.D. Ga. 2007); *Contract Furniture Refinishing & Maint. Corp. of Ga. v. Remanufacturing & Design Grp., LLC*, 730 S.E.2d 708 (Ga. 2012); *Essex Grp., Inc. v. Southwire Co.*, 501 S.E. 2d 501, 503-04 (Ga. 1998).

**Request to Charge No. 20: Misappropriation Damages**

If you find that AcryliCon had a trade secret, that Silikal misappropriated it, and Silikal does not have a defense, you are authorized to award AcryliCon damages caused by the misappropriation, including damages for unjust enrichment. "Unjust enrichment" occurs if Silikal receives a benefit to which it is not entitled.

**Authority supporting Request No. 20:** O.C.G.A. § 10-1-763; *White v. Arthur Enters., Inc.*, 464 S.E. 2d 225, 225-26 (Ga. Ct. App. 1995); *Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396, 1412 (11th Cir. 1998).

**Request to Charge No. 21: Trademarks – False Advertising**

AcryliCon claims that Silikal is liable for trademark infringement through its false advertising. To prove its claim, AcryliCon must prove the following facts by a preponderance of the evidence:

- Silikal's advertisements were false or misleading;

- Silikal's advertisements deceived, or had the capacity to deceive, consumers;

- The deception had a material effect on purchasing decisions;

- The misrepresentation affected interstate commerce; and

- AcryliCon has been, or is likely to be, injured as a result of the false advertising.

There are two ways in which Silikal's advertisement may be false or misleading: it may be literally false, or it may be literally true but misleading.

Additionally, AcryliCon must prove the materiality of Silikal's advertising by showing that Silikal's deception is likely to influence consumers' purchasing decisions.

**Authority Supporting Request No. 21:** Eleventh Circuit Pattern Jury Instructions 10.8.

**Request to Charge No. 22: Trademark Infringement Damages**

If you find that AcryliCon owns a valid trademark, that Silikal has infringed the trademark, and Silikal does not have a defense, you must consider whether, and to what extent, monetary relief should be awarded.

Defendant's Profits and Calculation of Profits

You may make an award based on an accounting of Silikal's profits if you find that:

1. Silikal's conduct was willful and deliberate;

2. Silikal was unjustly enriched; or

3. An award of Silikal's profits is necessary to deter Silikal's future conduct.

A defendant commits a "willful violation" of a trademark when that defendant knowingly and purposefully capitalizes on and appropriates the goodwill of a plaintiff.

"Unjust enrichment" occurs if Silikal receives a benefit to which it is not entitled.

In determining Silikal's profits, AcryliCon only is required to prove Silikal's gross sales. Silikal has not presented any evidence of its costs or any deductions to be subtracted from the amount of its sales to determine its profits on such sales.

**Authority for Request No. 22:** Eleventh Circuit Pattern Jury Instructions 10.1.

**Request to Charge No. 23: Nominal Damages**

If you find that Silikal infringed AcryliCon's trademark, but you do not find that AcryliCon sustained any actual damages or damages based on Silikal's profits, you may return a verdict for AcryliCon and award what are called "nominal" damages. By "nominal" I mean a small amount of damages that you, in your discretion, determine.

**Authority for Request No. 23:** Eleventh Circuit Pattern Jury Instructions 10.1.

**Request to Charge No. 24: Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority for Request No. 24:** Eleventh Circuit Pattern Jury Instructions 3.8.1.

**Request to Charge No. 25: Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Authority for Request No. 25:** Eleventh Circuit Pattern Jury Instructions 3.9.