IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACRYLICON USA, LLC,
a Delaware limited liability company,

    Plaintiff,

      v.

SILIKAL GMBH,
a foreign company,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-1072-TWT

**OPINION AND ORDER**

This is an action for misappropriation of trade secrets and breach of contract. It is before the Court on the Plaintiff AcryliCon USA, LLC's Motion to Amend the Judgment [Doc. 607]. For the reasons set forth during the hearing on this matter, as well as the reasons set forth below, AcryliCon's Motion to Amend the Judgment [Doc. 607] is DENIED.

This case is before the Court after it entered the Eleventh Circuit's mandate from the parties' third appeal as the judgment of this Court. The procedural history of this case was aptly summed up by the Eleventh Circuit in its most recent decision vacating and remanding the earlier judgment of this Court. *See AcryliCon USA, LLC v. Silikhal GMBH & Co.*, 46 F. 4th 1317, 1321-24 (11th Cir. 2022) ("*AcryliCon III*"). As relevant to the present Motion, in *AcryliCon III*, the Eleventh Circuit held that this Court had erred by entering a permanent injunction on remand after the second appeal in this matter, *see AcryliCon USA, LLC v. Silikhal GMBH & Co.*, 985 F.3d

1350 (11th Cir. 2021) ("*AcryliCon II*"), in part because the requisite pre-injunction findings were not made under Rules 60(b)(6) and 65 of the Federal Rules of Civil Procedure. *AcryliCon III*, 46 F. 4th at 1327. The Eleventh Circuit further explained that subsection (b)(6) was the only subsection of Rule 60 conceivably available to AcryliCon to amend the judgment on remand, and only if it could show that "extraordinary circumstances" justified relief from the judgment. *Id.* at 1326 (citing *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022)).

On remand, AcryliCon moved to amend the judgment under Rule 60(b)(6). As the Court understands AcryliCon's arguments, it is asking the Court to enter the same orders and findings that twice led the Eleventh Circuit to reverse the entry of an injunction. Essentially, AcryliCon is arguing that the Eleventh Circuit's "inconsistent rulings" in each of three appeals in this matter constituted a change in the law that satisfy the extraordinary circumstances requirement for Rule 60(b)(6) relief. (*See* Mot. to Amend at 9-10). Although the Eleventh Circuit's decisions in this matter were confusing, as the court itself admitted, confusion does not amount to a change in the law. *See AcryliCon 3*, 46 F. 4th at 1324 ("The long history of this case and its trips back and forth to our Court have created some confusion about whether a permanent injunction was originally entered in this case."). In particular, *AcryliCon II*'s key holding was that the injunction at issue dissolved upon entry of the first judgment in this matter, and that holding was premised on a 2010 decision from the Eleventh Circuit. *See AcryliCon II*, 985 F.3d at 1360-61 n.25 (citing *Associated Builders & Contractors Fla. E. Coast Chapter v, Miami-Dade Cnty., Fla.*, 594 F. 3d

2

1321, 1323-24 (11th Cir. 2010). So, although the Court agrees with AcryliCon that the Eleventh Circuit's inconsistent labeling of the injunction as both preliminary and permanent in its decisions was confusing to all involved, there has been no change in the law. In addition, AcryliCon is at least somewhat to blame for this confusion, given that the Court entered AcryliCon's proposed judgments in this matter at least twice. Therefore, AcryliCon fails to make a showing of extraordinary circumstances sufficient to warrant amending the judgment under Rule 60(b)(6).

Even if AcryliCon had shown extraordinary circumstances justifying amending the judgment, Rule 65 does not favor entry of a permanent injunction at present. Contrary to AcryliCon's argument, re-entry of the previous injunction order would not comport with the mandate of *AcryliCon III*. Instead, *AcryliCon III* directs the Court to make the Rule 65 findings as of present day, not as of 2016 when the Court first entered injunctive relief. *See AcryliCon III*, 46 F.4th at 1327-28 (noting that there were no Rule 65 findings made after remand following *AcryliCon II*); Fed. R. Civ. P. 65(d) (providing that "every order granting an injunction" must make the required findings). But AcryliCon submitted no argument—let alone any evidence—supporting the need for injunctive relief as of present day, and it relies only on the Court's original Rule 65 findings that it made in 2016. AcryliCon previously had another opportunity to establish that the Rule 65 criteria had been met when this matter was remanded to this Court following *AcryliCon II*, but it failed to do so. The Court cannot determine, based only on evidence submitted in 2016, whether AcryliCon has been irreparably injured by Silikhal's manufacture of resin using the

secret formula over the past seven years, among the other necessary findings. *See AcryliCon III*, 46 F.4th at 1327. Accordingly, the Court finds that injunctive relief is not warranted under Rule 65.

For the foregoing reasons, as well as the reasons set forth on the record during the hearing on this matter, the Plaintiff AcryliCon USA, LLC's Motion for to Amend the Judgment [Doc. 607] is DENIED.

SO ORDERED, this   22nd   day of February, 2023.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge