IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACRYLICON USA, LLC
a Delaware limited liability company,

   Plaintiff,

   v.

SILIKAL GMBH
a foreign company,

   Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-1072-TWT

## OPINION AND ORDER

This is an action for misappropriation of trade secrets and breach of contract. It is before the Court on the Defendant's Motion to Alter or Amend Judgment [Doc. 628] and Motion For Costs Pursuant to Federal Rule of Civil Procedure 68(d) [Doc. 629]. This action was originally filed on April 10, 2014. A Second Amended Complaint was filed on September 25, 2014. The Defendant filed an Offer of Judgment on November 25, 2014. After a decade of litigation, the Defendant belatedly seeks an award of attorney fees and expenses under Rule 68 after final judgment has been entered in this case four times. [Doc. 450, 543, 576 & 589].

It is clear that the Defendant has had at least four opportunities to assert its claim for costs and attorneys fees pursuant to Rule 68(d). First, in 2017, Silikal filed a motion for attorneys' fees and a bill of costs, neither of which sought costs or fees under Rule 68. Based on AcryliCon's objection that Silikal was not the prevailing party, the Court denied Silikal's fee motion and disallowed its bill of costs. The

Defendant did not appeal this ruling. Second, upon remand from the Eleventh Circuit following its decision in *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350 (11th Cir. 2021) ("*AcryliCon II*"), the Court entered judgment awarding nominal damages to AcryliCon and attorneys' fees as the prevailing party. Silikal did not seek its costs under Rule 68 at the time, nor did it argue that attorneys' fees are recoverable as costs under Rule 68 or seek a setoff of AcryliCon's attorneys' fees based on Rule 68(d). Third, following remand from the Eleventh Circuit in *AcryliCon USA, LLC v. Silikal GmbH & Co.*, 46 F.4th 1317, 1329-30 (11th Cir. 2022) ("*AcryliCon III*") in 2022, Silikal again failed to seek costs under Rule 68 or argue that attorneys' fees are recoverable as costs under Rule 68 or seek a setoff of AcryliCon's attorneys' fees based on Rule 68(d).  Fourth, Following the Court's entry of judgment on remand on January 4, 2024, for AcryliCon's attorneys' fees as the prevailing party, Silikal failed to timely seek its attorneys' fees as costs under Rule 68 within 14 days, as required by Fed. R. Civ. P. 54(d)(2)(B)(i). Through seven years of tedious and tortured litigation, the Defendant never sought an award of fees and costs under Rule 68 until the filing of the current motions. It repeatedly relied on Rule 68 and its Offer of Judgment over the years and claimed that its Offer of Judgment was "more favorable" than the nominal damages award to AcryliCon. But Silikal raised these arguments solely to oppose AcryliCon's fees and costs. Silikal never argued that it was entitled to recover its own costs under Rule 68—or that the parties' "costs" for purposes of Rule 68 include attorneys' fees. Nor did Silikal seek a setoff of AcryliCon's fees and costs based on its own claim under

2

Rule 68. Simply stated, the Defendant abandoned and waived any affirmative claim under Rule 68.

The Defendant seeks relief under Federal Rules of Civil Procedure 59(e) and 60. It is well established that the "only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration omitted) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "Rather, there are four appropriate grounds upon which to reconsider a judgment: (1) to correct manifest errors of law or fact, (2) to prevent manifest injustice, (3) to account for an intervening change in controlling law, and (4) to allow the moving party to present newly discovered or previously unavailable evidence." *Tenor Cap. Partners, LLC v. GunBroker.com, LLC,* 2022 WL 12464321, at *2 (N.D. Ga. Oct. 21, 2022). In its Motion, Silikal argues that failure to amend the judgment will result in "a manifest error of law and fact, and injustice." This is incorrect. There is no manifest error justifying relief under Rule 59 where the judgment does not address an issue that a party failed to raise in the first instance. *See Seamon v.Vaughan*, 921 F.2d 1217, 1220 (11th Cir. 1991) (affirming denial of Rule 59 motion based on arguments raised for the first time after entry of judgment) (citing *American Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. (1985)).

The Defendant is also not entitled to relief under Rule 60. There was no "mistake" by the Court when it entered the judgment of January 4, 2024 awarding Acrylicon attorney fees. Therefore, Silikal is not entitled to Relief under Rule 60(b)(1). "Relief from judgment under Rule 60(b)(6) is an extraordinary remedy" which "requires showing extraordinary circumstances justifying the reopening of a final judgment." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (quotation marks and citations omitted). There is nothing "extraordinary" in the Court entering judgment on the sole issue then remaining after appeal, or in its failure to address a motion for costs that Silikal failed to file before judgment was entered. Rule 60 cannot provide Silikal with relief from its own dilatory strategic decisions. Silikal claims that its claim for costs was not "ripe" until the Court entered the January 4, 2024 judgment awarding AcryliCon attorneys' fees in the amount of $411,465.20. However, any claim for costs under Rule 68 (based on Silikal's own theory) ripened no later than 2021, when the Court first awarded nominal damages on remand from the Eleventh Circuit in *AcryliCon II*. The claim is also beyond the scope of the mandate in *Acrylicon III*. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 843 (11th Cir. 2018) ("A district court when acting under an appellate court's mandate, cannot vary it, or examine it for any other purpose than execution; *or give any other or further relief*; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." (emphasis added)). The Defendant's Motion to Alter

4

or Amend Judgment [Doc. 628] and Motion For Costs Pursuant to Federal Rule of Civil Procedure 68(d) [Doc. 629] are therefore DENIED.

SO ORDERED, this ___5th___ day of April, 2024.

*[signature: Thomas W. Thrash]*
THOMAS W. THRASH, JR.
United States District Judge